

FILED

February 14, 2017

TN COURT OF
WORKERS'
COMPENSATION
CLAIMS

Time 1:35 PM

**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**IN THE COURT OF WORKERS' COMPENSATION CLAIMS**
**AT MEMPHIS**

| | | |
|---|---|---|
| GILES COLE, | ) | Docket No. 2016-08-0935 |
| Employee, | ) | |
| v. | ) | |
| YRC, INC., | ) | State File No. 63710-2016 |
| Employer, | ) | |
| And | ) | |
| OLD REPUBLIC INS. CO., | ) | Judge Allen Phillips |
| Insurance Carrier. | ) | |

---

## EXPEDITED HEARING ORDER DENYING MEDICAL AND TEMPORARY DISABILITY BENEFITS

---

This matter came before the undersigned Workers' Compensation Judge on January 20, 2017, upon the Request for Expedited Hearing filed by Giles Cole. Mr. Cole requested additional medical and temporary disability benefits for alleged injuries sustained in a truck accident on September 23, 2015. YRC contended he failed to establish the need for further treatment related to the injury and failed to establish entitlement to temporary disability benefits. Accordingly, the central legal issue is whether Mr. Cole came forward with sufficient evidence at this interlocutory stage of the case to show that he is likely to prevail at a hearing on the merits to entitlement of the requested benefits. For the following reasons, the Court holds Mr. Cole did not.

### History of Claim

Mr. Cole worked for YRC as a truck driver. On September 23, 2015, he was involved in an accident when his truck rolled over. He claimed he sustained injuries to his head, back, and legs.

Following the accident, YRC provided Mr. Cole medical benefits through Nova Medical Center. Dr. Bonnie Randolph saw Mr. Cole at Nova on five separate occasions,

1

beginning the day after the accident, September 24 and ending on November 20. (Ex. 1 at 1-15.) Throughout her care of Mr. Cole, Dr. Randolph diagnosed a concussion with no loss of consciousness and contusions of the face, scalp, and right hand. *Id.* at 2.

During her treatment of Mr. Cole, Dr. Randolph recommended a CT scan of his head that was normal. *Id.* at 5. However, an MRI of the head was interpreted as showing sinusitis, cerebral atrophy, and small vessel disease of the brain. *Id.* at 14. Dr. Randolph released Mr. Cole and placed him at maximum medical improvement. She instructed him to "seek medical care with PCP for sinusitis as this is most likely the cause for his persistent [symptoms]." *Id.*

As instructed, Mr. Cole sought care from his primary physician, Dr. Oliver Hardy, in December 2015. (Ex. 1 at 46.) He reported the accident and that he struck his head. *Id.* at 48. Dr. Hardy noted a laceration on Mr. Cole's head and diagnosed, among other things, "post-concussion syndrome." At this visit and at three more over the next two months, Dr. Hardy also listed diagnoses of sleep apnea, obstructive sleep apnea syndrome, and a left inguinal hernia. (*See generally* Ex. 1 at 46-62.)

Later, when he added two additional diagnoses of insomnia and hyperlipidemia, Dr. Hardy noted Mr. Cole needed, "special screening for other and unspecified endocrine, nutritional, metabolic, and immunity disorders." *Id.* at 56. He noted, without defining the responsible diagnosis, that Mr. Cole, "should not and cannot return to work with his present symptoms and diagnosis. At present status, he is at risk to himself and others if he would be allowed to return to work." The Court finds no other references to work restrictions in the limited records of Dr. Hardy placed into evidence. The same is true regarding records from a sleep disorder clinic and other providers performing diagnostic tests including an abdominal ultrasound, peripheral vascular exam, and x-rays of the knees and hips. (*See generally* Ex. 1 at 69-81.)

Mr. Cole contended he sought care from Dr. Hardy on his own because YRC ceased paying for Nova's treatment by Dr. Randolph. He claimed out-of-pocket expenses for Dr. Hardy's treatment but offered no proof of the amount. Mr. Cole further contended he has been unable to work since the accident and that Dr. Hardy still restricts him from work. Mr. Cole conceded that not all of his problems were related to the accident.

YRC offered a statement from Nova that YRC, through Sedgwick, authorized Nova to treat Mr. Cole. (Ex. 2.) The statement further noted that Nova never "turned away" Mr. Cole and that YRC and Sedgwick never denied or revoked any recommended treatment. Kevin English, the Sedgwick adjuster assigned to the case, testified, in accord with the Nova statement, that he neither failed to authorize any treatment recommended by Nova nor refused to pay for any treatment actually rendered.

## Findings of Fact and Conclusions of Law

### *Standard applied*

Because this case is in a posture of an Expedited Hearing, Mr. Cole need not prove every element of his claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6 (Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2015). Though Mr. Cole has elected to represent himself, as is his right, he still "must comply with the same standards to which parties with legal counsel must adhere." *Thurmond v. Yates Servs.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 34 (Sept. 8, 2015).

### *Medical benefits*

To be compensable, Mr. Cole must show that his alleged injury arose primarily out of and in the course and scope of his employment and that it was caused by an incident, or specific set of incidents, identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(14)-(14)(A) (2016). Further, he must show, "to a reasonable degree of medical certainty that [his alleged work injury] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C) (2016). "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. Tenn. Code Ann. § 50-6-102(14)(D) (2016).

Weighed against these requirements, the Court will first address the lay proof regarding the alleged injury that consisted solely of Mr. Cole's own testimony. Based upon his uncontroverted testimony, the Court finds Mr. Cole came forward with sufficient evidence demonstrating that he is likely to prevail at a hearing on the merits in proving a specific event identifiable by time and place of occurrence. Specifically, he was involved in an accident on September 23, 2015, while driving a truck for YRC.

However, upon careful review of the medical records, the Court finds Mr. Cole failed to come forward with any proof demonstrating that he is likely to prevail at a hearing on the merits that his alleged injuries caused his need for further medical treatment. Thus, he cannot establish the second required element of his claim for benefits; namely, that the incident contributed more than fifty percent to his need for further medical treatment. The absence of any expert medical opinion on this point is fatal to his claim at this hearing.

In so finding, the Court notes that Dr. Randolph released Mr. Cole on November 20, 2015, with no permanent impairment. Her only recommendation was for Mr. Cole to follow up with his primary care provider because she found his complaints were not related to the accident. Because she is the authorized physician, her opinion is presumed correct. Tenn. Code Ann. § 50-6-102(14)(E) (2016).

The Court finds nothing in the other medical evidence that rebuts Dr. Randolph's opinion. To the contrary, the records of Dr. Hardy, Mr. Cole's primary physician, record histories of physical maladies unrelated to the subject accident. For example, Mr. Cole suffers from a hernia, sleep apnea and perhaps "other and unspecified endocrine, nutritional, metabolic, and immunity disorders." (Ex. 1 at 56.) Though Dr. Hardy recommended Mr. Cole remain off work, he did not at any time render an opinion that he should be off work due to the work incident. Likewise, the other assorted medical records do not address a causal relationship between the work incident and any of Mr. Cole's alleged conditions.

Even though the statute does not require an employee to establish all elements of his claim by a preponderance of the evidence at an expedited hearing, this lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing[.]" *Buchanan v. Carlex Glass Co.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Sep. 29, 2015). In this case, Mr. Cole has not met the relaxed burden placed upon him by the expedited hearing standard. Accordingly, the Court denies his request for further medical benefits.

However, the parties do not dispute that Dr. Randolph is the authorized treating physician. Further, YRC introduced proof from Dr. Randolph's clinic, Nova, that it never "turned away [Mr. Cole] from care or treatment." Likewise, Nova confirmed that YRC's administrator, Sedgwick, never "revoked" its authorization for Dr. Randolph to see Mr. Cole. *Id.* Mr. English confirmed these facts in his testimony. Therefore, Mr. Cole may contact YRC and Sedgwick regarding a follow-up with Dr. Randolph for work-related conditions.

*Temporary disability benefits*

Mr. Cole requested temporary total disability (TTD) from September 23, and ongoing. Under Tennessee law, to establish entitlement to TTD, Mr. Cole must show (1) he was totally disabled to work by a compensable injury; (2) a causal connection between the injury and his inability to work; and, (3) the duration of that period of disability. *Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48 (Dec. 11, 2015). Mr. Cole has not come forward with any medical evidence demonstrating that he is likely to prevail at a hearing on the merits in establishing a causal connection between

4

his alleged injury and any inability to work. Thus, his claim for temporary disability benefits is denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court denies Mr. Cole's claim for the requested benefits at this time. Mr. Cole may contact YRC regarding a return to Dr. Randolph, the authorized physician.

2. This matter is set for a Scheduling (Status) Hearing on **April 6, 2017**, at 10:30 a.m. Central time. You must call toll-free at 731-422-5263 or toll-free 855-543-5038 to participate in the Hearing. Failure to call in may result in a determination of the issues without your further participation.

**ENTERED this the 14th day of February, 2017.**

**Allen Phillips, Judge**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:

1. Medical records of Mr. Cole (collectively):
   - Nova Medical Center—Dr. Bonnie Randolph
   - Cleveland Heart Lab
   - Dr. Oliver Hardy
   - Sleep Diagnostic Center
   - The Flinn Clinic
   - Baptist One Care
   - St. Francis Hospital

2. Correspondence from Nova Medical Center regarding no refusal to see Mr. Cole

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. YRC's Pre-Trial Brief
5. YRC's Anticipated Stipulations, Witnesses and Exhibits
6. YRC's Amended Exhibit to Anticipated Stipulations, Witnesses and Exhibits

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 14th day of February, 2017.

| Name | Certified Mail | First Class Mail | Via Email | Service Sent To: |
|---|---|---|---|---|
| Giles Cole, Self-Represented Employee | X | X | | 1137 Lucy Kelly Rd. Brighton, TN   38011; and 2440 Solo Rd. Covington, TN   38019 |
| Stephen K. Heard, Esq., Attorney for Employer | | | X | skheard@cclawtn.com ealimon@cclawtn.com |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**